# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| FRIENDLY FINANCE SERVICE-EASTGATE, INC. | CIVIL ACTION NO. 07-0001 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GREGORY NEAL DORSEY | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Pending before the Court is Appellant Friendly Finance Service-Eastgate, Inc.'s ("Friendly Finance") appeal [Doc. No. 1] of United States Bankruptcy Judge Henley A. Hunter's ruling in open court on December 7, 2006. *See In re Dorsey*, United States Bankruptcy Court for the Western District of Louisiana, Case No. 04-31432. Friendly Finance claims that Judge Hunter erred in denying its objections to the dischargeability of debt and enjoining Friendly Finance and its affiliates from filing any complaint under 11 U.S.C. §§ 523 or 727 in the Monroe or Alexandria Divisions unless it obtains leave of Court. Appellee Gregory Dorsey ("Dorsey") did not file a brief in opposition.[1]

For the following reasons, Judge Hunter's ruling is AFFIRMED, and Friendly Finance's appeal is DISMISSED.

---

[1] Per Bankruptcy Rule 8009, Dorsey was required to file a brief in opposition. On February 13, 2007, the Court informed Dorsey's lawyer, Mr. E. Orum Young, that he could file a short statement indicating that he agreed with Judge Hunter's decision. However, Mr. Young has failed to do so.

## I.     LAW AND ANALYSIS

### A.     Standard of Review

A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*.  *See In re Sadkin*, 36 F.3d 473, 475 (5th Cir. 1994).

### B.     Friendly Finance's Objections

Friendly Finance contends that Judge Hunter erred in denying its 11 U.S.C. §§ 523 and 727 objections and that Judge Hunter lacks authority under 11 U.S.C. § 105 to enjoin Friendly Finance from participating in adversarial proceedings.[2]

#### 1.     § 523 Objection

Friendly Finance objects to the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2)(B).  Section 523(a)(2)(B) creates a rule of nondischargeability for any debt

(2)     for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained,

(B)     by use of a statement in writing–

(i)     that is materially false;

(ii)     respecting the debtor's or an insider's financial condition;

(iii)     on which the creditor to whom the debtor is liable for such ... credit reasonably relied; and

(iv)     that the debtor caused to be made or published with intent to deceive.

---

[2]Friendly Finance also claims that Judge Hunter erred in ruling that Friendly Finance lacks standing to challenge dischargeability in these proceedings.  The Court need not reach this issue because Judge Hunter ruled, in the alternative, that, even if Friendly Finance had standing to object, he would deny its objections to dischargeability.

11 U.S.C. § 523(a)(2)(B).  "The existence of each of these four elements is a question of fact which the creditor must prove by a preponderance of the evidence."  *Norris v. First Nat'l Bank (In re Norris)*, 70 F.3d 27, 29 (5th Cir. 1995).

Friendly Finance claims that Dorsey fraudulently obtained a loan from Friendly Finance by listing an antique firearm that he did not own as collateral.  Friendly Finance's loan officer testified that he would not have issued the loan without this collateral.  During the bankruptcy proceedings, Dorsey admitted that he did not own the firearm.

Judge Hunter found that Dorsey did not violate § 523(a)(2)(B).  Dorsey did not submit a materially false statement *in writing* regarding his collateral.  Instead, Friendly Finance's loan officer confirmed that Dorsey orally listed a number of items as collateral.  Judge Hunter also found that Dorsey did not intend to deceive the loan officer.  While Dorsey's testimony was confusing regarding who owned the firearm, Judge Hunter reasoned that he consistently testified that an older male relative owned the firearm and that he merely had possession.

Under § 523(a)(2)(B), a debtor must offer a false statement *in writing* with the intent to deceive.  *See, e.g., Guerriero v. Kilroy (In re Kilroy)*, No. 05-90083-H4-7, 2006 Bankr. LEXIS 2944, at *30 (Bankr. S.D. Tex. Oct. 20, 2006) (Dismissing creditor's claim under § 523(a)(2)(B) because debtor never gave creditor a written statement).[3]  Additionally, as the trier of fact, Judge Hunter's credibility determination regarding Dorsey's intent is entitled to deference.  *See In re Martin*, 963 F.2d 809, 814 (5th Cir. 1992) ("The determination as to credibility of a witness is

_____

[3]While Friendly Finance claims that a materially false statement may include a "false chattel mortgage," the case cited by Friendly Finance is not on point.  In *In re Powell*, 22 F.2d 239 (D. Md. 1927), the district court held that a loan induced by false mortgage *documents* constituted a "statement in writing" for purposes of dischargeability under the predecessor Bankruptcy Act and Code.

within the province of the bankruptcy judge -- i.e. the trier of fact.").  Friendly Finance has not

offered any evidence contradicting Dorsey's testimony or Judge Hunter's conclusions.

Therefore, the Court finds that Dorsey did not submit a written statement with the intent to

deceive, as required for dischargeability pursuant to § 523(a)(2)(B).

Accordingly, Judge Hunter's ruling is AFFIRMED.

### 2.    § 727 Objection

Friendly Finance objects to the dischargeability of the debt pursuant to 11 U.S.C. §

727(a)(4)(A).  Under § 727(a)(4)(A), "[t]he court shall grant the debtor a discharge, unless. . . the

debtor knowingly and fraudulently, in or in connection with the case. . . made a false oath or

account."  11 U.S.C. § 727(a)(4)(A).

Friendly Finance claims that Dorsey failed to disclose his tax refund on two of his

bankruptcy forms, "Schedule B," in which he stated that he had no contingent and unliquidated

claims, and the "Statement of Financial Affairs."  Friendly Finance argues that these forms are

submitted to the bankruptcy court under oath, and, therefore, the concealment of the tax refund is

a false oath under § 727(a)(4)(A).

Judge Hunter implicitly found that Dorsey did not knowingly and fraudulently conceal the

refund.  The facts show that Dorsey filed for a tax refund after converting to Chapter 7

bankruptcy proceedings and completing the bankruptcy forms.  When Friendly Finance asked

Dorsey about his tax refund at the 341 meeting of the creditors, Dorsey admitted receiving the

refund.  Dorsey testified that he did not list an anticipated tax refund on the bankruptcy forms

because he did not know what amount he was going to receive.  (Tr. 19, 23).

Section 727(a)(4)(A) requires a showing that the debtor *knowingly and fraudulently* made a false oath or account.  Friendly Finance has not offered any evidence showing that Dorsey intentionally concealed the refund.  Instead, the record shows that Dorsey misunderstood his obligation to amend his disclosures.  Therefore, the Court finds that he did not *knowingly and fraudulently* fail to disclose his tax refund.  *See, e.g., Davis v. Tomasek (In re Tomasek)*, 175 Fed. Appx. 662, 669-670 (5th Cir. 2006) (unpublished) (Holding that § 727(a)(4) did not apply because there was no evidence that debtor knew the information was false or that he intended to make a fraudulent statement); *Neary v. Jordan (In re Jordan)*, No. 05-86647-HDH-7, 2006 Bankr. LEXIS 3299, at *18 (Bankr. N.D. Tex. Nov. 21, 2006) (same).

Accordingly, Judge Hunter's ruling is AFFIRMED.

### 3.    Injunction

Friendly Finance claims that Judge Hunter lacks authority under 11 U.S.C. § 105 to enjoin Friendly Finance from participating in adversarial proceedings.  Under § 105, the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105.

Friendly Finance admits that it erred in combining 11 U.S.C. §§ 523 and 727 objections in its Complaint.  However, Friendly Finance argues that Judge Hunter's order exceeds the scope of his powers because "a bankruptcy court cannot use its equit[able] powers under Section 105(a) to negate substantive rights or remedies."  *Ford Motor Credit Co. v. Johnson (In re Standing Order)*, 272 B.R. 917, 923 (W.D. La. 2001).[4]

---

[4] Friendly Finance also argues that the injunction is an impermissible prior restraint under the First Amendment.  However, Friendly Finance cites only a law review article in support of

Judge Hunter cited "a chain of abusive complaints filed by this lender."  (Tr. 40).  He has repeatedly warned Friendly Finance and its former counsel regarding deficient pleadings and complaints.  Specifically, Friendly Finance has been warned not to combine 11 U.S.C. §§ 523 and 727 objections in the same complaint.  (Tr. 40-41).  Friendly Finance's former counsel, Mr. McMillan, was sanctioned for such practices and enjoined from filing any complaint on behalf of Friendly Finance without prior leave of court.  While Mr. McMillan has honored this request, Judge Hunter found that Friendly Finance, through its owner, Mr. John Loftin, continues to file frivolous complaints.[5]  Judge Hunter also pointed to Friendly Finance's repeated improper use of reaffirmation agreements, which Judge Hunter previously cautioned Friendly Finance against. (Tr. 42).

Courts have the power to enjoin a litigant from filing without leave of court where a party engages in a pattern of abusive conduct.  *See, e.g., Boutte v. Clinton*, No. 01-0661, 2005 U.S. Dist. LEXIS 8043, at *3-4 (E.D. La. Apr. 29, 2005) (Because litigant engaged in a pattern of filing frivolous pleadings despite previous court orders and warnings, the court enjoined litigant from filing any further pleadings in the action without obtaining leave of court); *Moody v. Smith (In re Moody)*, 105 B.R. 368, 373 (S.D. Tex. 1989) (Permanently enjoining litigant from filing any further pleadings in the action as a result of frivolous pleadings).  Judge Hunter has documented a pattern of improper behavior by Friendly Finance and his attempts to deter those actions through warnings and sanctions.  However, Friendly Finance continues to "flagrantly

this argument.  The Court fails to see, and Friendly Finance has not articulated, how prior restraint is applicable in this case.

[5]Notably, Mr. Loftin is a lawyer and active member of the Louisiana Bar.  *See* http://www.lsba.org/membership/lsba_membership_search.asp.

abuse this Court." (Tr. 44).  Friendly Finance is not barred from any filings, but from filing

without review and approval of the Bankruptcy Court.  The Court finds that Judge Hunter's

injunction is a proportionate response to Friendly Finance's abuse of the bankruptcy process.

**II.      CONCLUSION**

      For the foregoing reasons, Judge Hunter's ruling is AFFIRMED, and Friendly Finance's

appeal [Doc. No. 1] is DISMISSED.

      MONROE, LOUISIANA, this 22nd day of February, 2007.


          ROBERT G. JAMES
          UNITED STATES DISTRICT JUDGE